**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ROBERT JONES, JR.**                                                              **PLAINTIFF**

**v.**                                              **Case No. 4:22-cv-00959-KGB**

**ARKANSAS DEPARTMENT OF
WORKFORCE SERVICES**                                                    **DEFENDANT**

**ORDER**

Before the Court are plaintiff Robert Jones, Jr.'s notice of appeal and motion for leave to appeal *in forma pauperis* (Dkt. Nos. 11; 12). Also before the Court is Jones's motion to reconsider wrongful termination filing claim ("Motion to Reconsider") (Dkt. No. 16). For the following reasons, the Court grants Jones's request for leave to appeal *in forma pauperis* (Dkt. Nos. 11; 12) and denies Jones's Motion to Reconsider (Dkt. No. 16).

**I.      Motion To Reconsider**

The Court first addresses Jones's motion to reconsider. For the following reasons, the Court denies the motion (*Id.*).

**A.      Background**

On October 4, 2022, Jones filed his complaint, alleging that: (1) Arkansas Department of Workforce Services ("ADWS") discriminated against Jones in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by firing him for not returning to in-person work while allowing white employees and female employees to continue working remotely (Dkt. No. 2, at 1–4); and (2) ADWS violated the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101 *et seq.*, by firing Jones due to the medical disability that required him to continue working from home rather than provide a reasonable accommodation for this disability (*Id.*, at 4).

On January 5, 2026, the Court directed Jones to show cause by submitting a written filing as to why the Court should apply equitable tolling and equitable estoppel to permit service of his complaint and why the Court should not dismiss his complaint as time-barred (Dkt. No. 5). On March 4, 2026, Jones responded to the Court's Order (Dkt. No. 5).

On March 19, 2026, the Court dismissed without prejudice Jones's complaint (Dkt. No. 9). Specifically, the Court explained that Jones had untimely filed his claim with the Equal Employment Opportunity Commission ("EEOC") and had pled no facts to support the application of equitable tolling or equitable estoppel (*Id.*, at 7). Therefore, the Court determined that Jones had not exhausted administrative remedies for his Title VII and ADA claims and had not stated a claim to relief that is plausible on its face (*Id.*, at 8).

In assessing Jones's complaint, the Court also noted that "it is the Court's understanding that Jones is not asserting a claim based on the [Family Medical Leave Act, 29 U.S.C., § 2601, ("FMLA")], but rather the Court understands that Jones references the FMLA to assert that ADWS had notice of his disability for purposes of his Title VII and ADA claims." (*Id.*, at 1 n.1). The Court instructed Jones that, "[i]f Jones intended to bring a claim under the FMLA, Jones should file a motion for reconsideration in this matter with the Court within 30 days of this Order which explains Jones's intended claims and factual basis for those claims" (*Id.*). Jones now brings his Motion to Reconsider (Dkt. No. 16).

### B.      Legal Framework

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853,

855 (8th Cir. 2008)). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and th[e] [appeals] court will not reverse absent a clear abuse of discretion." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Metro St. Louis*, 440 F.3d at 933 (internal quotation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (internal quotation omitted)*; see also Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018).

Under Rule 60(b), the Court may relieve a party from an order on the narrow grounds of:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)); *see also In re Guidant Corp.*

*Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) ("Rule 60(b) authorizes relief in only the most exceptional of cases."); *United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights, Canyo Lake, Comal Cnty., Tex.*, 51 F.3d 117, 120 (8th Cir. 1995) (concluding that a motion to reconsider filed under Rule 60(b) requires the moving party to establish "exceptional circumstances" to obtain the "extraordinary relief" the rule provides).

As it pertains to Rule 60(b)(6), the Eighth Circuit has provided the following guidance:

> Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). . . . "Exceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress.

*Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

Rule 60(d) states that Rule 60:

does not limit a court's power to:

(1)    entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2)    grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3)    set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

### C.    Analysis

Jones asserts that, when he initially filed his complaint, he "thought by my citing my FMLA status during my employment that I was bringing a claim under [the] FMLA" (Dkt. No. 16, at 1). Jones requests that the Court consider his FMLA claim (*Id.*). Jones asserts that:

4

> During a phone call, my last doctor in 2021 did not release me to return to work during the time when I was wrongfully terminated. He explained that he would not release me to work based on risks that could pose lethal consequences to my health.

(*Id.*). Jones attaches several documents to his Motion to Reconsider, which Jones asserts are his "FMLA documents," and alleges that "other related documents were lost during the March 2023 tornadoes where my roof suffered some damage and caused water damage in my home and some paper files ruined" (*Id.*). The documents appear to be ADWS forms used to request leave under the FMLA dated July 2019 (*Id.*, at 2–6) and July 2021 (*Id.*, at 7–11). Also attached to Jones' Motion to Reconsider are ADWS's FMLA forms—dated November 2015—which inform Jones of his eligibility, rights, and responsibilities under the FMLA (*Id.*, at 12–16).

"The FMLA allows eligible employees to take up to twelve weeks of unpaid leave during a twelve-month period to deal with a serious health condition." *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 942 (8th Cir. 2021); 29 U.S.C. § 2612(a)(1)(D).[1] "[A]n employee can bring two types of claims against her employer: (1) interference claims where the employee alleges that the employer denied or interfered with her substantive rights under the FMLA; and (2) retaliation claims where the employee alleges that the employer discriminated against her for exercising her FMLA rights." *Brandt v. City of Cedar Falls*, 37 F.4th 470, 478 (8th Cir. 2022) (internal citations omitted); *but see Evans v. Coop. Response Ctr., Inc.*, 996 F.3d 539, 548 (8th Cir. 2021) (describing an interference claim as an "entitlement claim" and listing factors (3), (4), and (5) of an interference claim); *id.*, at 551 (describing a retaliation claim as a "discrimination claim" and assessing the same factors).

---

[1] The FMLA also allows eligible employees to take up to 12 weeks of unpaid leave because of the birth of a child, placement of a child with the employee for adoption or foster care, or for the care for a spouse, child, or parent who has a serious health condition. 29 U.S.C. § 2612(a)(1)(A)–(C). Jones does not allege, and nothing in the record before the Court suggests, that Jones requested leave under the FMLA for any of these reasons.

Based on Jones's allegations in this case, the Court understands Jones to allege that ADWS "violated FMLA" by either denying or interfering with his rights under the FMLA as a result of his July 2021 request for leave or for retaliating against him for exercising his FMLA rights. Jones makes no allegations related to his July 2019 request for leave under the FMLA other than attaching the ADWS request for Family and Medical Leave form (*see* Dkt. No. 16, at 1–6).

To allege sufficiently an interference claim, Jones must allege facts sufficient to find that: "(1) [Jones] was an eligible employee; (2) [ADWS] was an employer as defined by the FMLA; (3) [Jones] was entitled to FMLA leave; (4) [Jones] gave [ADWS] notice of [his] intent to take FMLA leave; and (5) [ADWS] denied [Jones's] FMLA benefits to which [he] was entitled." *Brandt*, 37 F.4th at 478; *but see Evans*, 996 F.3d at 548 (describing the claim as an "entitlement claim" and listing factors (3), (4), and (5) of an interference claim).

Jones makes no allegations that ADWS denied Jones's FMLA benefits to which he was entitled. Jones's request for FMLA leave is dated Friday, July 22, 2021 (Dkt. No. 16, at 7). Jones previously alleged, "I was placed on leave of absence without pay around [Monday,] July 25, 2021," and that he was "discharged on November 17, 2021"—more than 12 weeks after July 25, 2021 (Dkt. No. 2, at 11). Although Jones appears to have requested six months of unpaid leave (Dkt. No. 16, at 7), Jones makes no allegations as to the results of that request, and the FMLA provides for only 12 weeks of unpaid leave. 29 U.S.C. § 2612. Therefore, Jones has not sufficiently alleged facts to state an FMLA interference claim; Jones has not sufficiently alleged that ADWS denied Jones's FMLA benefits to which he was entitled. Further, Jones's filings in this case suggest that Jones's FMLA July 22, 2021, leave request was granted by ADWS. Accordingly, Jones fails to state an FMLA interference claim upon which relief can be granted.

To allege sufficiently an FMLA retaliation claim, Jones must allege facts sufficient to show that:  (1) Jones engaged in protected conduct; (2) Jones suffered a materially adverse employment action; and (3) the materially adverse employment action was causally linked to the protected conduct.  *Brandt*, 37 F.4th at 480; *but see Evans*, 996 F.3d at 548 (describing the claim as a "discrimination claim" and assessing the same factors).

Here, as previously discussed, Jones alleges that he requested leave under the FMLA on Friday July 22, 2021, was placed on leave of absence without pay around Monday, July 25, 2021, and was discharged on November 17, 2021—16 weeks and 3 days after being placed on leave (Dkt. Nos. 2, at 11; 16, at 7).  Jones fails to allege, however, that his termination was causally linked to any protected conduct under the FMLA.

Jones alleges that he was terminated 4 weeks and 3 days after the end of the maximum 12-week unpaid leave period offered under the FMLA.  Rather than asserting that his termination was linked to requesting or taking 12 weeks of FMLA leave, Jones alleges that his termination was a result of his inability or refusal either to work or work in-person as a result of his health conditions.  (*See* Dkt. No. 16, at 1 (claiming that Jones did not return to work because of health risks); Dkt. No. 2, at 24 ("my employer terminated me claiming I abandoned my job.  I did not abandon my job.  I informed my employer . . . that I am unable to work because my health declined . . . I cannot return in person to work as requested because that would contradict my physician's orders. . ."); *id.*, at 22 (same); *id.*, at 11 ("I was discharged on November 17, 2021.  I was told I was denied reasonable accommodation of working from home because a less than desirable accommodation was offered; however, it was not a viable option for me to perform my job duties.  I was told I was discharged for abandonment of job")).

While Jones requested six months of leave and documented his doctor's recommendation that Jones not work in person in Jones's July 22, 2021, FMLA request, such requests are not protections offered by the FMLA; the FMLA provides for 12 weeks of unpaid leave to deal with a serious health condition. 29 U.S.C. § 2612. Any allegations made by Jones that he should have been permitted to have six months of leave and the ability to work remotely because of his health conditions relate to his ADA accommodation claim, not an FMLA claim. The Court previously addressed and dismissed in separate Orders entered in this case Jones's ADA accommodation claim.

In sum, Jones asserts that he was terminated over 4 weeks after the maximum amount of FMLA leave to which he was entitled and terminated after refusing to show up for in-person work as requested by ADWS. Jones otherwise makes no allegations that he was terminated as a result of requesting or using FMLA leave. Accepting Jones's allegations as true, Jones fails to allege sufficient facts to suggest a causal link between Jones's termination and protected conduct under the FMLA. Jones's conclusory allegation that his "employer violated FMLA" is insufficient to state a claim upon which relief can be granted (Dkt. No. 16, at 1). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions") (internal citations omitted).

Therefore, Jones fails to state an FMLA claim upon which relief can be granted. Accordingly, Jones has not asserted any grounds which entitle him to relief on his Motion for Reconsider under Rule 59(e) or Rule 60(b). For these reasons, the Court denies Jones's Motion to Reconsider (Dkt. No. 16).

## II.    Leave To Appeal *In Forma Pauperis*

The Court previously granted Jones leave to proceed *in forma pauperis* in this case (Dkt. No. 7).  Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides, in part, that a party who was permitted to proceed *in forma pauperis* in the District Court action may proceed on appeal *in forma pauperis* without further authorization, unless the District Court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*.  Fed. R. App. P. 24(a)(3).

In this case, the Court has not certified in an Order or Judgment—and does not now certify—that an appeal of this case would not be taken in good faith or that Jones is otherwise not entitled to proceed *in forma pauperis* (Dkt. Nos. 9; 10).  Therefore, Jones "may proceed on appeal *in forma pauperis* without further authorization."  Fed. R. App. P. 24(a)(3).

Nonetheless, Jones has moved for leave to proceed *in forma pauperis* on appeal, and that motion complies with the requirements set forth in Federal Rule of Appellate Procedure 24(a)(1). In the light of Jones's request, compliance with Federal Rule of Appellate Procedure 24(a)(1), and for good cause shown, the Court grants Jones's motion for leave to appeal *in forma pauperis* (Dkt. Nos. 11; 12).

## III.    Conclusion

For the foregoing reasons, the Court:

(1)    denies Jones's Motion to Reconsider (Dkt. No. 16); and

(2)    grants Jones's notice of appeal and motion for leave to appeal *in forma pauperis* (Dkt. Nos. 11; 12).

9

It is so ordered this 3rd day of June, 2026.

_____
Kristine G. Baker
Chief United States District Judge